[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14987
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00015-CR-AAA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GINA A. WOOTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 18, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Gina Wooten appeals her 24-month sentence, imposed after she pled guilty

to theft of government funds, a violation of 18 U.S.C. § 641. On appeal, Wooten

challenges the district court's application of sentencing enhancements, pursuant to

U.S.S.G. § 3B1.3, for abuse of private trust, and pursuant to U.S.S.G. § 2B1.1(b)(8), for the commission of fraud during the course of a bankruptcy proceeding. "The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005) (internal quotations and citations omitted). After careful review, we affirm.

The relevant facts are straightforward. Wooten worked as a paralegal for a two-attorney law firm. Wooten's employer provided her with a key to the firm's post office box and assigned her the task of retrieving the mail, which included checks from a bankruptcy trustee as compensation for the firm's representation of debtors. While retrieving the mail, Wooten intercepted 84 checks, which she deposited into her own personal bank account.

First, Wooten argues that, although she had some discretion in her task of negotiating bankruptcy matters, she was not given any discretionary authority in her duty of retrieving the mail. According to Wooten, because she had no discretionary authority, the duty of retrieving the firm's mail could not subject her to an abuse-of-trust enhancement under § 3B1.3.

Section 3B1.3 of the guidelines provides for a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in

a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. "For the adjustment to apply, the government must establish both elements: (1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way that significantly facilitated the commission or concealment of the offense." United States v. Ward, 222 F.3d 909, 911 (11th Cir. 2000). The commentary to section 3B1.3 provides that:

> "[p]ublic or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult).

U.S.S.G. § 3B1.3, cmt. (n.1).

In the fraud context, we have found a position of trust to exist where the defendant uses his position in a company to steal from his employer. United States v. Hall, 349 F.3d 1320, 1324 (11th Cir. 2003) (citing United States v. Garrison, 133 F.3d 831, 837-38 (11th Cir. 1998)). A position of trust "significantly facilitates" the commission or concealment of the offense when the defendant gains "an advantage" in committing the crime because of that trust and uses that

3

advantage to facilitate the crime. United States v. Barakat, 130 F.3d 1448, 1455 (11th Cir. 1997).

Here, the district court concluded that Wooten was in a position of trust with respect to her employer, because she had professional discretion in her employment as a paralegal and was entrusted with the key to the firm's post office box. This position of trust significantly facilitated both the commission and the concealment of her offense -- the post office box key, which she was given as a result of the trust that was conferred upon her by her employer, allowed her both to commit the offense and to cover it up. On this record, we discern no error in the district court's application of the § 3B1.3 enhancement.

We likewise are unpersuaded by Wooten's argument that the district court erred by assessing an enhancement, pursuant to U.S.S.G. § 2B1.1(b)(8), for the commission of fraud during the course of a bankruptcy proceeding. Wooten asserts the enhancement did not apply because she was not a party to the bankruptcy proceedings, nor did she aid and abet another who was a party.

The guidelines state that, if the offense involved "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding," the defendant's base offense level should be increased by two levels. U.S.S.G. § 2B1.1(b)(8)(B). Simply put, there is no indication, either in the language of the

guideline or its commentary, that the fraudulent conduct or misrepresentation must occur in the defendant's <u>own</u> bankruptcy proceeding. Rather, § 2B1.1(b)(8)(B) requires only that the fraud occurred in <u>a</u> bankruptcy proceeding. Accordingly, Wooten's argument on appeal is unpersuasive.

**AFFIRMED.**